UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

OMAR FRANCIS,                                                Index No.:

      Plaintiff,

  -against-                                                   **COMPLAINT**

SHOWROOM AUTO, LLC

      Defendant,

----------------------------------------x

As and for plaintiff's complaint, in the above captioned action, plaintiff OMAR FRANCIS (Plaintiff"), by and through Plaintiff's attorneys, Kasell Law Firm, alleges as follows:

## PARTIES

1. Plaintiff is an individual who resides in the State of New York, at 100-10 205th Place Hollis, NY 11423.

2. Defendant, Showroom Auto, LLC ("Dealer") is a corporation authorized to do business in the State of New York, with its principal place of business at 42-08 35th Avenue Long Island City, New York 11101.

3. Dealer is engaged in the business of selling and arranging of financing for used motor vehicles to the public.

## JURISDICTION AND VENUE

4. Jurisdiction is premised on 15 U. S. C. § 1640(e) and 28 U.S.C. §§ 1331 and 1337.

5. Plaintiff instituted this action or actual damages, statutory damages, attorneys'

fees and costs against Dealer for violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et. seq.* (hereinafter "TILA") and Federal Reserve Board Regulation Z, 12 C.F.R. § 1026, promulgated pursuant thereto, and for related and unrelated violations of: New York General Business Law §198-b; New York General Business Law § 349; New York Vehicle & Traffic Law § 417-a; and the federal Magnuson Moss Warranty Act.

6. Venue in this District is proper in that the conduct complained of occurred here.

## STATUTORY FRAMEWORK
## TILA

7. The Truth in Lending Act ("TILA") is a federal law designed to protect consumers in credit transactions by requiring clear and conspicuous disclosure of key terms of the lending agreement and all costs. The statute is contained in title I of the Consumer Credit Protection Act, as amended, 15 USC §§ 1601 *et seq*. The regulations implementing the statute, which are known as an as "Regulation Z" are codified at 12 C.F.R. § 1026. The purpose of TILA is to promote the informed use of consumer credit by requiring disclosures about its terms and cost.

8. The retail installment sales contract ("RISC") is the document that a consumer is supposed to receive in which the requisite TILA disclosures are to be made.

## BACKGROUND

9. On or about April 15, 2015, Plaintiff went to purchase from Dealer a used 2007 BMW 335XI (the "Vehicle"), Vehicle Identification Number WBAVD53587A007763, for valuable consideration.

10. The price of the Vehicle that was initially agreed upon, including document fees, license and title fees, and sales tax totaled approximately $32,476.80.

11. Plaintiff made a $3,000 down-payment towards the purchase of the Vehicle on or about April 15, 2015.

12. Upon information and belief, after Plaintiff first negotiated to purchase the Vehicle, Dealer attempted to assign the RISC (the Exeter RISC") to Exeter Finance Corp. A copy of the Exeter RISC that Dealer gave to Plaintiff is attached as Exhibit A.

13. Despite providing the Exeter RISC to Plaintiff, Dealer informed Plaintiff that the financing fell through and required Plaintiff to return to execute a second RISC, this time purportedly assigning the RISC to Flagship Acceptance Corp (the Flagship RISC'). A copy of the Flagship RISC is attached as Exhibit B.

14. Both the Exeter RISC and the Flagship RISC contain a line intended to disclose payments made to others where the line indicates payments made to "SHOWROOM AUTO L". That section of the Flagship RISC also states that the Seller must identify who is paid and describe the purpose. However, on the Flagship RISC, a charge of $2,700 appears without ever indicating any purpose for that payment.

15. Upon information and belief, the $2,700 unspecified charge had no purpose, and was a finance charge that was never disclosed as such and was just an excuse for Dealer to improperly add to its profits on the transaction.

16. Thus, it appears that Dealer committed numerous violations of the TILA by:
    a. Inexplicably adding a charge of $2,700 as an amount paid to others when no payment was made and such payment had no purpose or such purpose was never disclosed to Plaintiff;

b. Adding a finance charge of $2,700 without ever disclosing that this amount was being imposed as a finance charge;

c. Requiring Plaintiff to execute the Flagship RISC materially altering the terms of the transaction that had already been agreed to by the Exeter RISC. The Flagship RISC improperly:

   i. Increased the Amount Financed from $16,246 to $17,593;

   ii. Increased the Total of Payments from $29,476.80 to $30,582; and

   iii. Increased the Total Sale Price from $32,476 to $33,582.

17. TILA was further violated because by imposing the undisclosed finance charge of $2,700 the Annual Percentage rate, Finance Charge, and Amount Financed stated in the Flagship RISC were necessarily inaccurate.

18. When Plaintiff received his title to the Vehicle several weeks later he was surprised and alarmed to see printed in all capital letters "IMPORTANT: THIS VEHICLE WAS RETURNED TO THE MANUFACTURER OR DEALER BECAUSE IT DID NOT CONFORM TO ITS WARRANTY." A copy of the title that Plaintiff received is attached as Exhibit C.

19. New York Vehicle & Traffic Law § 417-a required that upon the sale of the Vehicle to Plaintiff by Dealer that Dealer execute and deliver to Plaintiff an instrument in writing in a form prescribed by the Commissioner of Motor Vehicles setting forth the following information in ten point, all capital type: "IMPORTANT: THIS VEHICLE WAS RETURNED TO THE MANUFACTURER OR DEALER BECAUSE IT DID NOT CONFORM TO ITS

WARRANTY AND THE DEFECT OR CONDITION WAS NOT FIXED WITHIN A REASONABLE TIME AS PROVIDED BY NEW YORK LAW."

20. Instead, and in violation of the law, Dealer gave Plaintiff a form that stated "This Vehicle was a customer trade in and was returned to the Manufacturer in 2008, the <u>title is branded</u> and it is labeled a <u>lemon law buyback</u>." A copy of the form that Dealer gave to Plaintiff is attached as Exhibit D.

21. Thus, the Vehicle's Lemon Law history was never disclosed to Plaintiff in the manner required by law.

22. Additionally, immediately after purchasing the Vehicle, Plaintiff experienced serious difficulties with the Vehicle that caused him to return to the Dealer for repairs. In particular, the Vehicle would not accelerate properly or past 40 miles per hour and it was not shifting gears properly.

23. At first the dealer refused to make any repairs, and apparently after being contacted in writing by Plaintiff's counsel (see Exhibit E), the Dealer undertook the needed repairs. But the Vehicle was out of service for more than 15 days during the applicable warranty period and was Dealer was unable to complete the repairs within that time.

24. The Vehicle's Lemon Law history, the failure to make required disclosures by Dealer, and the problems with acceleration and shifting that could not be fixed within a reasonable time represent non-conformities in the Vehicle and violations of applicable law.

25. Said nonconformities could not reasonably have been discovered by Plaintiff prior to Plaintiff's acceptance of the Vehicle.

26. As a result of these defects and failure to disclose, Plaintiff revoked acceptance of the Vehicle orally by notifying the Dealer, as well as in writing, through counsel, on June 8, 2015. A copy of Plaintiff's letter revoking acceptance of the Vehicle is attached as Exhibit E.

27. At the time of revocation, the Vehicle was in substantially the same condition as at delivery except for damage caused by its own nonconformities and ordinary wear and tear.

28. Dealer refused Plaintiff's revocation of acceptance, and has refused to provide Plaintiff with the remedies to which Plaintiff is entitled upon revocation.

29. The Vehicle remains in an unmerchantable condition.

30. Plaintiff has been and will continue to be financially damaged due to Dealer's failures including its failure to erepair the Vehicle within a reasonable period of time, to follow TILA, and to properly disclose the Vehicle's Lemon Law history.

## COUNT I

## VIOLATIONS OF THE MAGNUSON MOSS WARRANTY ACT AND U.C.C.

31. Plaintiff repeats the allegations set forth in paragraphs 1-27 as if fully set forth at length herein.

32. Plaintiff is the purchaser of a consumer product who received the Vehicle during the duration of a warranty applicable to the Vehicle and who is entitled by the terms of the warranty to enforce it against Defendants for their obligations of said warranty.

33. The Magnuson-Moss Warranty Act, Chapter 15 U.S.C.A., § 2301, et seq. (the "Warranty Act") is applicable to Plaintiff's Complaint.

34. Plaintiff's purchase of the Vehicle was accompanied by explicit and implied warranties including, but not limited to, a warranty of title, and the New York State Used Car Lemon Law warranty.

35. Said warranties were the basis of the bargain of the contract between the Plaintiff and Defendants for the sale of the Vehicle by Plaintiff.

36. Said sale of Plaintiff's Vehicle was induced by, and Plaintiff relied upon, these warranties.

37. Plaintiff has met all of Plaintiff's obligations and preconditions.

38. As part of the transaction, Defendant warranted the Vehicle and its title that it delivered or would deliver to Plaintiff.

39. Defendant did not properly disclose information that is or will be branded on the title, impairing that title.

40. As a direct and proximate result of Defendants' failure to comply with its warranties, Plaintiff has suffered damages and, in accordance with 15 U.S.C.A. § 2310(d)(1), as well as N.Y. – U.C.C.2-312, Plaintiff is entitled to bring suit for such damages.

## COUNT II

### REVOCATION OF ACCVEPTANCE PURSUANT TO § 2310(d) OF THE MAGNUSON-MOSS WARRANTY ACT

41. Plaintiff realleges and incorporates by reference as though fully set forth herein, paragraphs 1 – 37 of this Complaint.

42. Dealer's tender of the Vehicle was substantially impaired to Plaintiff.

Dealer's tender of the Vehicle which was substantially impaired to Plaintiff constitutes a violation of 15 U.S.C.A., § 2310(d) and Plaintiff is entitled to the remedy of revocation as set forth in N.Y.U.C.C.

### COUNT III
### AWARD OF COSTS AND EXPENSES PUSUANT TO 15 U.S.C.A., § 2310(d)(2)

43. Plaintiff repeats the allegations set forth in paragraphs 1-39 as if fully set forth at length herein

44. Article 15 of the United States Code Section 2310(d)(2) provides that a consumer who finally prevails in an action brought under paragraph(1) of the aforementioned section may recover his/her costs, expenses, and attorneys fees.

45. Upon "finally prevailing", as that term is used in the aforementioned section. Plaintiff is entitled to a judgment against Defendant equal to the aggregate amount of plaintiff's costs, expenses, and attorneys' fees.

### COUNT IV

### VIOLATION OF NEW YORK VEHICLE AND TRAFFIC LAW § 417-a

46. Plaintiff repeats the allegations set forth in paragraphs 1-42 as if fully set forth at length herein.

47. New York Vehicle & Traffic Law § 417-a required that a Lemon Law buy-back vehicle's history be disclosed to a purchaser by the execution and delivery of an instrument in writing in a form prescribed by the Commissioner of Motor Vehicles setting forth the following information in ten point, all capital type: "IMPORTANT: THIS VEHICLE WAS RETURNED TO THE MANUFACTURER OR DEALER BECAUSE IT DID NOT CONFORM TO ITS

WARRANTY AND THE DEFECT OR CONDITION WAS NOT FIXED WITHIN A REASONABLE TIME AS PROVIDED BY NEW YORK LAW."

48. Dealer failed to execute and deliver the form making the required disclosures to Plaintiff.

49. Upon a violation of New York Vehicle & Traffic Law § 417-a a consumer may be awarded three times his actual damages or $100, whichever is greater.

50. A plaintiff prevailing under New York Vehicle & Traffic Law § 417-a may be awarded his reasonable attorneys' fees.

51. As a result of Dealer's conduct Plaintiff suffered damages in an mount to be proven at trial but believed to be in excess of $18,000.

## COUNT V

## VIOLATIONS OF THE TRUTH IN LENDING ACT

52. Plaintiff repeats the allegations set forth in paragraphs 1-48 as if fully set forth at length herein.

53. At all times relevant hereto, Dealer regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and are the persons to whom the transaction which is the subject of this action is initially payable, making Defendants creditors within the meaning of TILA, 15 U.S.C. § 1602 (f) and Regulation Z § 1026.2(a)(17).

54. Plaintiff and Dealer entered into a consumer credit transaction that was memorialized in an agreement covered by the TILA, to wit, the RISCs annexed as Exhibits "A" and "B".

55. Under the transaction, Dealer failed to deliver all material disclosures required by the TILA and Regulation Z in that the Defendants failed to properly and accurately disclose the amount financed in violation of Regulation Z § 1026.18 and 15 U.S.C. § 1638(a)(2).

56. Dealer also failed to deliver all material disclosures required by the TILA and Regulation Z in that the Defendants failed to properly and accurately disclose the cash price, the Finance Charge, the Amount Financed, he Total of Payments, and the Total Sale Price in violation of Regulation Z §

1026.18 and 15 U.S.C. § 1638(a)(2).

57. Accordingly Defendants have violated TILA by providing inaccurate disclosures in the RISCs as to the cash price, the Finance Charge, the Amount Financed, he Total of Payments, and the Total Sale Price.

58. Plaintiff relied on these inaccurate disclosures to his detriment.

59. Plaintiff is therefore entitled to actual damages, statutory damages and punitive damages in an amount not to exceed $500,000.

60. Plaintiff is also entitled to reasonable attorneys' fees and expenses.

## COUNT VI

## BREACH OF GENERAL BUSINESS LAW § 198-b

61. Plaintiff realleges and incorporates by reference as though fully set forth herein, paragraphs 1 – 57 of this Complaint.

62. General Business Law § 198-b provides that an automobile dealer, like Dealer as warranted the Vehicle to be free of material defects or conditions for 60 days or for 3,000 miles, whichever comes first.

63. The Vehicle contains material defects or conditions, as described above, which after a reasonable number of attempts, the Dealer failed to repair or correct.

64. The defects or conditions substantially impair the value of the Vehicle to the Plaintiff.

65. Dealer violated General Business Law § 198-b, and therefore, the Plaintiff demands a refund of the purchase price, as well as reasonable attorneys' fees, and incidental damages.

## COUNT VII

## VIOLATION OF GBL § 349

66. Plaintiff realleges and incorporates by reference as though fully set forth herein, paragraphs 1 – 62 of this Complaint.

67. New York General Business Law § 349 prohibits the use of deceptive or unfair practices in the conduct of any business, trade or commerce or in the furnishing of any service in New York.

68. The conduct alleged herein, and the sale and financing of vehicles is consumer oriented conduct as it has the demonstrated potential to be repeated with other consumers.

69. Dealer engaged in deceptive acts and practices that damaged Plaintiff by failing to use statutorily required forms informing Plaintiff of the Vehicle's Lemon Law history and by failing to make accurate disclosure related to the financing of the Vehicle.

70. Plaintiff hereby demands that all attorneys' fees, costs, and other fees of this action be borne by Dealer and that the Court award Plaintiff's actual damages, as well as punitive damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against Dealer for a full refund, revocation and/or damages for breach of warranty, treble damages as authorized by statute, plus all finance charges, pre-judgment interest, incidental and consequential damages, punitive damages and attorney fees and such other and further relief that the Court deems just and proper.

DATED: July 1, 2015
       Long Island City, New York

                                               /s/ (DK-7753)
                                      By: David M. Kasell, Esq.
                                      KASELL LAW FIRM
                                      *Attorneys for Plaintiff*
                                      1038 Jackson Avenue, #4
                                      Long Island City, NY 11101
                                      (718) 404-6668